IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JACOB LEE CALDWELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 119-192 |
| | ) | (Formerly CR 117-066) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate at the Federal Correctional Institution in Edgefield, South Carolina, filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Respondent moves to dismiss the § 2255 motion. Because Petitioner did not, despite receiving additional time, (doc. nos. 4, 6), respond to the dispositive motion, it is deemed unopposed. See Loc. R. 7.5. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, (doc. no. 3), Petitioner's § 2255 motion be **DISMISSED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

I.    **BACKGROUND**

A.    **Indictment and Agreement to Plead Guilty**

On November 7, 2017, the grand jury in the Southern District of Georgia charged Petitioner with one count of possession with intent to distribute marijuana, cocaine, and oxycodone, one count of possession of firearms in furtherance of a drug trafficking crime,

and one count of possession of a firearm by a convicted felon, all of which allegedly occurred on or about July 13, 2017.  United States v. Caldwell, CR 117-066, doc. no. 1 (S.D. Ga. Nov. 7, 2017) (hereinafter "CR 117-066").  Of particular importance to the present motion to dismiss, Count Two charged Petitioner with possessing a firearm in furtherance of the drug trafficking crime of possession with intent to distribute marijuana, cocaine, and oxycodone charged in Count One.  Id. at 2.  Petitioner retained attorney Daniel Gregory Leopard to represent him.  Id., doc. no. 15.

On May 31, 2018, Petitioner appeared with counsel and, pursuant to a Rule 11(c)(1)(C) plea agreement offering a prison sentence of sixty months, pled guilty to Count Two:  possession of a firearm in furtherance of the drug trafficking crime charged in Count One, 18 U.S.C. § 924(c).  Id., doc. nos. 50-52.  Not only did the indictment charge Count Two was predicated on the drug offense charged in Count One, but Petitioner also stipulated to the accuracy of the factual basis set forth in the plea agreement that he possessed the firearms as charged in Count Two in furtherance of the drug trafficking crime charged in Count One.  Id., doc. nos. 1, 52.

### B.    Sentencing

On August 28, 2018, United States District Judge Dudley H. Bowen, Jr., sentenced Petitioner to a term of imprisonment of sixty months, five years of supervised release, a $1,500 fine, and a $100 special assessment.  Id., doc. nos. 57, 58.   Judgment entered on August 30, 2018.  Id., doc. no. 59.  In accordance with the terms of the plea agreement, Petitioner did not file a direct appeal.  Id., doc. no. 52, p. 8.

**C.      § 2255 Proceedings**

On September 20, 2019, Petitioner filed a motion to appoint counsel to help him seek relief pursuant to the ruling of the United States Supreme Court announced in United States v. Davis, — U.S. —, 139 S. Ct. 2319 (U.S. June 24, 2019), that 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. Id., doc. no. 62. Judge Bowen explained to Petitioner he intended to recharacterize the motion to appoint counsel as a § 2255 motion and provided the requisite warnings about the consequences of such recharacterization pursuant to Castro v. United States, 540 U.S. 375 (2003). Id., doc. no. 63. Petitioner did not respond to the Castro order, and on December 5, 2019, the Clerk opened the instant civil action, *nunc pro tunc* to September 20, 2019. (Doc. no. 1.) Petitioner solely seeks a sentence modification in light of Davis, *supra*.   (Id.)

Respondent moves to dismiss the § 2255 motion, arguing Davis does not apply to Petitioner because he was not convicted under the now-invalidated residual clause of § 924(c)(3)(B), but rather under the drug trafficking clause of  § 924(c)(2).  (Doc. no. 3.) When Petitioner did not respond to the dispositive motion, the Court entered an Order allowing Petitioner an additional fourteen days to respond.  (Doc. no. 4.)  In response, Petitioner explained he was not aware he had submitted a § 2255 motion and requested an extension of time to file such a motion. (Doc. no. 5.) The Court provided Petitioner with the documentation verifying Petitioner's § 2255 motion and providing another extension of time to respond to the motion to dismiss.  (Doc. no. 6.)

Rather than responding to the motion to dismiss, Petitioner requested the Court "remove the recharacterization of his filing of a request for counsel as a § 2255 motion" and

stay his case until he decides whether he deems it necessary "to file an actual § 2255 motion." (Doc. no. 7, p. 1.)  The Court explained the re-characterization of Petitioner's request for appointment of counsel was complete when Petitioner failed to respond to Judge Bowen's September 23, 2019 Order, and the Court would not allow this case to languish on the docket indefinitely while Petitioner decides how he wants to proceed.  (See doc. no. 8.) Nevertheless, the Court provided one final extension of time on February 12th for Petitioner either to respond to the motion to dismiss or notify the Court of his desire to dismiss voluntarily this case.  (Id.)  The Court cautioned Petitioner that a failure to timely  respond to the February 12th Order would result in the Court issuing its ruling on the motion to dismiss without further delay.  (Id.)  Petitioner did not respond.

## II.   DISCUSSION

Respondent's motion to dismiss should be granted because a review of the record of Petitioner's prior criminal proceeding in CR 117-066 shows Davis does not apply to Petitioner's Count Two conviction under § 924(c).  Under Rule 4 of the Rules Governing Section 2255 Proceedings For the United States District Court, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."  The Advisory Committee Notes for Rule 4 state, "Since the [§ 2255] motion is part of the criminal action in which was entered the judgment to which it is directed, the files, records, transcripts, and correspondence relating to that judgment are automatically available to the judge in his consideration of the motion."

Section 924(c) requires imposition of a mandatory sentence for an individual convicted of using or carrying a firearm "during and in relation to any crime of violence or drug trafficking crime."  For purposes of § 924(c), "the term 'drug trafficking crime' means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46."  18 U.S.C. § 924(c)(2).  Sections 924(c)(3)(A) and (B) define "crime of violence" as an offense that is a felony and:

> (A)    has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B)    that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Subsection A is commonly referred to as the "elements clause" and subsection B is known as the "residual clause."  In re Pollard, 931 F.3d 1318, 1329 (11th Cir. 2019) (*per curiam*).

In Davis, the Supreme Court "extended its holdings in Johnson v. United States, — U.S. —, 135 S. Ct. 2551, 192 L.Ed.2d 569 (2015), and Sessions v. Dimaya, — U.S. —, 138 S. Ct. 1204, 200 L.Ed.2d 549 (2018), to § 924(c) and held that § 924(c)(3)(B)'s residual clause, like the residual clauses in the Armed Career Criminal Act and 18 U.S.C. § 16(b), is unconstitutionally vague."  In re Navarro, 931 F.3d 1298, 1301 (11th Cir. 2019) (*per curiam*) (citing Davis, 139 S. Ct. at 2324-25, 2336).  However, Davis only invalidated § 924(c)(3)(B)'s residual clause and not the drug trafficking provision of § 924(c)(2).  Id. at 1302; see also United States v. Duhart, — F. App'x—, No. 17-11476, 2020 WL 603877, at *2 (11th Cir. Feb. 7, 2020) (same).  As Petitioner's § 924(c) conviction in Count Two is

based on the drug trafficking crime in Count One, his Count Two conviction falls outside the scope of Davis, and he is not entitled to relief.  See In re Navarro, 931 F.3d at 1302; Duhart, 2020 WL 603877, at *2-3.

As succinctly summarized by Respondent:

In this case, the § 924(c) charge (Count Two) specifically referenced a drug trafficking crime of possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a), set forth in Count One of the Indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A).  (Doc. 1.) Consequently, Davis does not impact [Petitioner's] conviction which was predicated on a drug trafficking crime as defined in 18 U.S.C. § 924(c)(2).

(Doc. no. 3, p. 3 (footnote omitted).)  Accordingly, the motion to dismiss should be granted.

## III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED** (doc. no. 3), Petitioner's § 2255 motion be **DISMISSED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 28th day of February, 2020, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

6